## MIZE *v.* BANK OF WHIGHAM.

Where on an interlocutory hearing for injunction it appears that the plaintiff and the defendant claim title to a lot of land in the possession of the defendant's tenant, and the defendant is neither alleged nor shown to be insolvent, nor any equitable ground for injunction is shown, it is error to enjoin the defendant and his tenant from going on the land unless he monthly deposit a stated amount of rent with a named bank and also do an affirmative act (arrange to complete a house), concerning which there is neither proof nor any reference in the pleadings.

MARCH 13, 1912.

Injunction. Before Judge Frank Park. Decatur superior court. November 21, 1911.

*Russell & Custer,* for plaintiff in error. *R. R. Terrell,* contra.

EVANS, P. J. This is an action by the Bank of Whigham to enjoin F. A. Mize and his tenant from going upon and cultivating a lot of land. The bank alleged: that it bought the land from A. D. Oliver, who exhibited to it a warranty deed from Mize, and paid Oliver the purchase-money; that since its purchase Mize has rented the land, and his tenant is now cultivating it; that the tenant's cultivation of the land constitutes a recurring trespass; and that the tenant is insolvent. The defendants by answer denied the allegations of the petition and the plaintiff's right to injunction. They averred: that Mize agreed to sell the land to Oliver, and made to him a deed, receiving from Oliver a check on the Bank of Climax, a private bank of which Oliver was the sole owner; that Mize believed that the check would be paid upon presentation; that at the time of the delivery of the check Oliver had no money in the bank, was hopelessly insolvent, and did not intend then or thereafter to pay for the land, and Mize has never received payment; that at the time Oliver received the deed from Mize he was indebted in a large sum to the Bank of Whigham, and on the same day he procured the deed from Mize he conveyed the same property to the Bank of Whigham to further secure his indebtedness to the bank. Mize prayed for a cancellation of his deed. At the preliminary hearing the plaintiff submitted evidence tending to sustain the allegations of the petition, and the court passed an order that Mize, on or before the 1st day of December, 1911, arrange to complete the house upon the land, and thereafter to deposit monthly with the First National Bank of Bainbridge a certain sum to the joint credit of Mize and the Bank of Whigham; and should Mize fail

and refuse to comply with either or both of the foregoing orders, that he be enjoined from further going upon the land until the further judgment of the court. Exception was taken to this order.

There is nothing in either the pleadings or the evidence concerning the construction of any house upon the land. Therefore, the provision in the order that the defendant within a certain time arrange to complete the house is an adjudication upon matter entirely without the case. It is neither charged in the petition, nor was there any evidence submitted, that the defendant Mize was insolvent. It is alleged that his tenant is insolvent; but the tenant is a mere nominal party. Mize is the principal defendant against whom all the substantial relief is prayed. He is in possession of the land. It is not charged that he is committing any waste upon the premises. The plaintiff presents no equitable reason why the rent of the land should be impounded during the litigation between Mize and itself. It was accordingly error for the court to require of the defendant that he build a house and deposit the rent, in default of which he should be enjoined "from further going upon the land." *Judgment reversed. All the Justices concur.*